IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GREGORY A. CUTLER,                                    CV. 07-0193-MA

            Petitioner,                        OPINION AND ORDER

      v.

JEAN HILL,

            Respondent.

Alison M. Clark
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

      Attorney for Petitioner

John R. Kroger
Attorney General
Kristen E. Boyd
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301-4096

      Attorneys for Respondent


MARSH, Judge

      Petitioner brings this habeas corpus action pursuant to 28

U.S.C. § 2254.   For the reasons set forth below, petitioner's

habeas corpus petition is denied and this proceeding is dismissed.


1 - OPINION AND ORDER

## BACKGROUND

On Monday September 21, 1998, at approximately 4:30 p.m., in rural Linn County, petitioner was driving eastbound in a semi-tractor truck/flat-bed trailer combination loaded with 36,200 pounds of eight inch diameter plastic PVC pipe. (Tr. 413.) While traveling some 60 to 70 miles per hour, petitioner entered a curve designated 45 miles per hour. (Tr. 80, 173, 489, 896-98.) Petitioner crossed over the center line into the oncoming lane. (Tr. 111-12.) At that same time, a vehicle was traveling westbound. When petitioner steered back into his own eastbound lane, the trailer flipped and the PVC pipe spilled onto the westbound vehicle killing both occupants. (Tr. 174, 225-26, 514, 519.)

At the accident scene, a police officer performed a horizontal gaze nystagmus (HGN) test on petitioner to check his sobriety. (Tr. 233-34.) The results of the first HGN were inconclusive. An Oregon State Trooper trained as a drug recognition expert was called to the scene. (Tr. 250.) He performed the HGN test, as well as other field sobriety tests, and believed that petitioner was not impaired. (Tr. 260-65.) However, the trooper did escort petitioner to the closest hospital to obtain blood and urine samples. (Tr. 270.) The toxicology report indicated the presence of methamphetamine, amphetamine, and marijuana metabolites in petitioner's urine

2 - OPINION AND ORDER

sample; but petitioner's blood test was negative for drugs or alcohol.  (Tr. 272-73.)

On January 27, 1999, petitioner was indicted on two counts of manslaughter.  In February 1999 during a police interview, petitioner admitted to using marijuana on the Friday or Saturday night before the accident, as well as methamphetamine the Sunday morning before the accident.  (Tr. 527-29.)

The charges were tried before a jury in August 1999. Petitioner was convicted on both counts of manslaughter.  The trial court sentenced petitioner to 75 months imprisonment.  (Ex. 101.)  Petitioner directly appealed the convictions and sentences.  (Ex. 103, 104.)  The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. State v. Cutler, 181 Or. App. 661, 49 P.3d 850, rev. denied, 335 Or. 42, 57 P.3d 581 (2002).

Petitioner sought state post-conviction relief (PCR), which was denied.  (Ex. 135, 136.)  The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.  Cutler v. Hill, 207 Or. App. 320, 141 P.3d 600, rev. denied, 341 Or. 450, 143 P.3d 773 (2006).

In the instant proceeding, petitioner alleges sixteen grounds for relief, all involving claims of ineffective assistance of counsel.  As discussed below, most of the claims are procedurally defaulted.  Petitioner's remaining grounds for

relief are the following: (1) trial counsel was ineffective for cancelling a hearing on a motion to exclude evidence relating to the destruction of the truck and trailer; (2) trial counsel was ineffective for failing to suppress or exclude the urinalysis results; and (3) trial counsel was ineffective for failing to timely move for a mistrial when it was mentioned that petitioner was interviewed by police while in jail.

<u>**DISCUSSION**</u>

Respondent moves to deny habeas corpus relief on the basis that most of petitioner's claims are procedurally defaulted, and that petitioner's remaining claims are entitled to deference.  I agree.

I.    <u>**Procedurally Defaulted Claims.**</u>

A.    Applicable Law.

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1).  A state prisoner satisfies the exhaustion requirement by fairly presenting his claims to the appropriate state courts at all appellate stages afforded under state law.  <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004); <u>Casey v. Moore</u>, 386 F.3d 896, 915-16 (9th Cir. 2004), <u>cert. denied</u>, 545 U.S. 1146 (2005).  Indeed, a petitioner must seek discretionary review in the state's highest court in order

to fully exhaust his state remedies. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999).

When a state prisoner fails to exhaust his federal claims in state court, and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted. <u>Casey</u>, 386 F.3d at 920, <u>Coleman v. Thompson</u>, 501 U.S. 722, 735 n.1 (1991). Habeas review of procedurally defaulted claims is barred unless the petitioner demonstrates cause for the procedural default and actual prejudice, or that the failure to consider the claims will result in a fundamental miscarriage of justice. <u>Coleman</u>, 501 U.S. at 750.

     B.    Grounds 3 through 7, and 9 through 16 are Procedurally Defaulted.

In this case, petitioner raises 16 grounds of ineffective assistance of counsel. In his post-conviction proceeding, petitioner raised grounds one through nine in his original petition (Ex. 111, 112) to the PCR trial court, then later amended that petition to include grounds 10 through 16. (Ex. 113). However, in his appeal to the Oregon Court of Appeals and the Oregon Supreme Court, petitioner raised only three grounds of ineffective assistance of counsel: (1) trial counsel was ineffective for cancelling an omnibus hearing on the destruction of evidence (Ground One); (2) trial counsel was ineffective for failing to move to suppress the urinalysis results (Ground Two);

and (3) trial counsel was ineffective for failing to timely move for a mistrial when a witness disclosed that petitioner had been interviewed while in jail (Ground Eight).  The remaining claims were not exhausted at the appellate level and thus are procedurally defaulted.  <u>Baldwin</u>, 541 U.S. at 29; <u>Casey</u>, 386 F.3d at 915-16; ORS 138.071; ORS 138.510(3); ORS 138.550.  Because petitioner has not demonstrated cause and actual prejudice to excuse his procedural default, or that a fundamental miscarriage of justice will occur if his claims are not considered, he is not entitled to habeas corpus review of grounds 3 through 7 and grounds 9 through 16.  <u>O'Sullivan</u>, 526 U.S. at 848; <u>Gray v. Netherland</u>, 518 U.S. 152, 161-62 (1996).

**II.  <u>Merits.</u>**

A. Standards-Ineffective Assistance of Counsel.

Respondent moves to deny habeas corpus relief on the basis that the state court's rejection of petitioner's remaining claims for relief are entitled to deference.  I agree.

Under 28 U.S.C. § 2254(d), federal habeas corpus relief may not be granted on a claim that was adjudicated on the merits in state court, unless the adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that

was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."

Under Strickland v. Washington, to prevail on a claim of ineffective assistance of counsel, Petitioner must show that: (1) his counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense.  466 U.S. 668, 687 (1984); Bell v. Cone, 535 U.S. 685, 698-99 (2002); Williams v. Taylor, 529 U.S. 362, 390 (2000).  Failure to make the required showing on either prong defeats the ineffectiveness claim.

To prove deficient performance, petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness.  Strickland, 466 U.S. at 688.  There is a strong presumption that the counsel's conduct falls within a wide range of reasonable professional assistance.  Id. at 689.  When this court reviews an attorney's performance under the Sixth Amendment, every effort must be made to eliminate the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at the time.  Strickland, 466 U.S. at 689.

To establish prejudice, petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Bell, 535 U.S. at 695; Williams, 529 U.S. at 390-91; Strickland, 466 U.S. at 687, 694.  "'A reasonable probability is a

probability sufficient to undermine confidence in the outcome.'"
Williams, 529 U.S. at 391 (quoting Strickland, 466 U.S. at 694).

    B.   Ground One-Hearing Cancelled on Motion to Suppress
        Regarding Destruction of Truck and Trailer.

To prevail on this ineffective assistance claim, petitioner
must show that: (1) had his trial counsel pursued the suppression
motion, it would have been meritorious; and (2) there is a
reasonable probability that the jury would have reached a
different verdict. Kimmelman v. Morrison, 477 U.S. 365, 375
(1986); Ortiz-Sandoval v. Clarke, 323 F.3d 1165, 1170 (9th Cir.
2003).

Analysis of petitioner's first claim centers on the
destruction of petitioner's truck and trailer involved in the
fatal accident. A review of the record reveals that the state
inspected the semi-truck the night of the accident and again
within days of the accident. The state's expert inspected the
braking system and performed tests on the same. However, the
state did not retain the truck as evidence. The record also
reveals that sometime following the accident and before
petitioner was indicted the truck was released to the insurance
company who sold it for scrap. (Ex. 126) Consequently,
petitioner's trial counsel was unable to perform any additional
testing or inspection of the truck. (Id.)

Prior to trial, petitioner's trial counsel filed a motion to suppress seeking the following remedies:  (1) a stipulation to petitioner's theory regarding the cause of the accident; (2) exclusion of the state's evidence pertaining to the truck; or (3) a less satisfactory evidence instruction be given to the jury. However, trial counsel withdrew the motion prior to a hearing on its merits.  In this proceeding, petitioner argues that his trial counsel was ineffective when he withdrew that motion.

The PCR court made the following findings about trial counsel's decision to withdraw the motion to suppress:

> The issue of destruction of evidence, I do
> not think that there was legal grounds upon
> which to suppress any evidence relating to
> the physical findings at the scene of the
> crash and, therefore, I think that the motion
> to suppress resulting from the destruction of
> evidence by the State, with no evidence
> indicating that it was a willful action,
> would be sufficient to suppress.  I think the
> motion was not well-founded, and I find no
> error on [trial counsel's] part for failing
> to follow up on that motion with a hearing.
> (PCR Ex. 135 p.38)

Petitioner argues in this proceeding that the state's failure to preserve the truck amounted to due process violation under Oregon law.  According to petitioner, had trial counsel pursued the suppression motion, he would have been entitled to a remedy for the violation, namely a stipulation that the truck experienced mechanical failure at the time of the accident. Petitioner argues that the evidence about the truck was so

9 - OPINION AND ORDER

crucial that there is a reasonable probability that he would have been acquitted had the state been required to stipulate to mechanical failure.    I disagree.

To establish a due process violation under Oregon law regarding the destruction of evidence, petitioner must show "that either the state acted in bad faith in failing to preserve the evidence or that the evidence sought to be discovered will be favorable." State v. Zinsli, 156 Or. App. 245, 252, 966 P.2d 1200 (1998) (citing State v. Hendershott, 131 Or. App. 531, 535, 887 P.2d 351 (1994), rev. denied, 320 Or. 587, 890 P.2d 993 (1995)).  And, where the state has not acted in bad faith, petitioner must show that the "claim of a favorableness is genuine, not speculation, and that comparable evidence cannot be obtained 'by other reasonably available means.'"  Zinsli, 156 Or. App. at 252 (quoting California v. Trombetta, 467 U.S. 479, 489 (1984)) (internal citations omitted); State v. McCoy, 165 Or. App. 499, 508, 998 P.2d 709, rev. denied, 331 Or. 193, 10 P.3d 944 (2000); accord State v. Nelson, 219 Or. App. 443, 452-53, 183 P.3d 219 (2008).  Furthermore, where the evidence sought is to contrast the result of tests already performed by the state, petitioner must show that a "retest would have been possible and call the results of the state test into question either by attacking the manner in which the test was conducted or by other evidence." State v. Mower, 50 Or. App. 63, 622 P.2d 745, rev.

<u>denied</u>, 290 Or. 651 (1981).   Thus, in order to show that his
motion to suppress would have been successful, petitioner must
demonstrate that either (1) the state acted in bad faith; or (2)
the evidence to be discovered would have been favorable.[1]

Here, there is no evidence to show that the state acted in
bad faith when it released the truck to the insurance company.
The PCR expressly found that the state did not act "willfully" in
releasing the truck and petitioner has not presented clear and
convincing evidence to the contrary.   Accordingly, that part of
the PCR's findings are entitled to deference under 28 U.S.C.
§ 2254(e)(1).

Petitioner has not demonstrated that his claim of
favorableness is genuine, and not speculation.   <u>State v.
Hendershott</u>, 131 Or. App. 531, 535, 887 P.2d 351 (1994), <u>rev.</u>

---

[1]I disagree with petitioner's contention that a different
legal standard applies to "negligent" destruction of evidence
under <u>State v. Lance</u>, 48 Or. App. 141, 616 P.2d 546 (1980).   In
that case, the parties agreed that the state's action in leaving
the evidence within its possession exposed to the elements was
negligent.   <u>Id.</u> at 144.   In this case, there is no agreement
between the parties that the state acted "negligently" in
releasing the truck to the insurance company and petitioner
presents *no* evidence here to support that contention.   To be
sure, the standard for demonstrating a due process violation on
the ground that "constitutionally material evidence was lost"
stems from <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and requires
petitioner to show the state acted in bad faith in failing to
preserve the evidence or that the evidence sought to be
discovered will be favorable.   <u>Zinsli</u>, 156 Or. App. at 252;
<u>Nelson</u>, 219 Or. App. at 452; <u>State v. Koennecke</u>, 274 Or. 169,
178-79, 545 P.2d 127 (1976).

denied, 320 Or. 587, 890 P.2d 993 (1995) (defendant unable to establish that a forensic inspection of a car that was returned to its owner and then sold would have produced favorable evidence); State v. Hockings, 29 Or. App 139, 143, 562 P.2d 587 (1977) (lost fingerprint evidence speculative).  Petitioner contends that he would have inspected the steering mechanics and brakes, however, petitioner identifies no specific testing that he would have conducted and offers no concrete evidence as to what the additional inspections or testing would have revealed. Although petitioner now asserts the truck may have experienced brake failure due to oil saturation, at no point during the trial did petitioner claim faulty brakes were a contributing factor in the accident.  Indeed, such a claim contradicts petitioner's own statement to the trooper at the accident scene that his brakes were working fine that day.  (Ex. 123.)  Additionally, petitioner has not identified any other facts such as witness statements of brake failure or steering difficulties that would support such a claim before the PCR court or here.  cf. State v. Lance, 48 Or. App. 141, 143-44, 616 P.2d 546 (1980) (defendant driver established favorableness where he claimed brake failure caused the collision, passenger testified driver exclaimed brakes didn't work prior to impact, master cylinder did not contain brake fluid--absence of which could not have been caused by collision, and there was seepage of brake fluid).

Petitioner's contention of favorableness relating to the cargo straps is likewise speculation.  Petitioner has presented no evidence that the cargo straps possessed any kind of exculpatory value apparent before their loss or destruction or that comparable evidence could not have been obtained by any other means.[2] California v. Trombetta, 467 U.S. at 489, Hendershott, 131 Or. App. at 535; Hockings, 29 Or. App. 143. Additionally, petitioner does not identify what testing of the lost cargo straps he would have performed or what concrete results the testing would have revealed.  Because petitioner has failed to demonstrate that the lost evidence would have been favorable, the motion to suppress would not have been meritorious.   Thus, Petitioner has failed to establish deficient performance on this assertion.

Furthermore, petitioner has failed to demonstrate that trial counsel's decision to withdraw the motion fell below an objective standard of reasonableness.  Strickland, 466 U.S. at 688.  This court's review of an attorney's performance must be highly deferential and every effort must be made to "eliminate the distorting effects of hindsight" and to evaluate the conduct from counsel's perspective at the time.  Strickland, 466 U.S. at 690.

_____

[2]In fact, with respect to the metal bindings, the contrary is true—petitioner did obtain similar bindings and performed tests on the same.  (Ex. 120).

"Tactical decisions that are not objectively unreasonable do not constitute ineffective assistance of counsel." Hensley v. Crist, 67 F.3d 181, 185 (9th Cir. 1995); Babitt v. Calderon, 151 F.3d 1170, 1173 (9th Cir. 1998), cert. denied, 525 U.S. 1159 (1999).

At the PCR proceeding, trial counsel attested that he withdrew the motion in part to pursue an alternative theory of causation. (Ex. 129 p.2.) To that end, trial counsel presented his own accident reconstruction expert, trucking expert, and forensic mechanical engineer in an effort to establish that the accident was caused by the load shifting and potential deficiencies with the trailer, as opposed to petitioner's speed and cross-over into the oncoming lane of traffic. (Id.) Trial counsel deemed it a better strategy to present an alternative causation theory than to be potentially restricted to stipulation about the condition of the brakes at the time of the accident. Trial counsel undertook extensive cross-examination of the state's witnesses who conducted the testing and inspection of the truck and trailer. And, petitioner was able to introduce to the jury the fact that the truck and trailer had been destroyed prior to criminal charges being filed, precluding defense's examination of them. In this case in particular, where it was unlikely that the motion to suppress would have been successful, I cannot conclude that trial counsel's decision to pursue an alternative theory was unreasonable under the circumstances. Reasonable

tactical decisions, even though not successful, do not form the basis of ineffective assistance.  E.g., Gonzalez v. Knowles, 515 F.3d 1006, 1015 (9th Cir. 2008) (counsel's decision to not call certain witnesses was a reasonable trial tactic and not deficient performance); Wilson v. Henry, 185 F.3d 986, 990 (9th Cir. 1999) (counsel's decision not to corroborate testimony, although not the best tactic, was not deficient performance); Strickland, 466 U.S. at 691.  Again, petitioner has failed to establish that trial counsel's performance was deficient.

Petitioner contends that PCR court's findings on Ground One are not entitled to deference under 28 U.S.C. § 2254(d) and (e) because the PCR court did not apply the correct legal standards under Oregon law or federal law to petitioner's ineffective assistance of counsel claim.  I disagree.  Reviewing the PCR decision, the court noted the correct standard for establishing an ineffective assistance of counsel claim for withdrawing a motion to suppress:  petitioner must show that his motion on the due process violation would have been meritorious.  Kimmelman, 477 U.S. at 375.  Additionally, the trial court noted the first prong of petitioner's due process claim under Oregon law--whether the state acted in bad faith.  The court made a specific factual finding that the state did not act in bad faith, in that he held there was no willful action on the part of the state that led to the destruction of the truck.  The court's factual findings are

presumed to be correct.    Petitioner has not rebutted this
presumption with clear and convincing evidence, and thus it is
entitled to deference.    28 U.S.C. § 2254(e)(1).    Although the PCR
court did not make a specific finding about whether evidence to
be discovered was favorable, the trial court ruled that because
the motion to suppress would not have been successful, trial
counsel's performance was not deficient.    In that regard, I find
the court's decision is not contrary to, nor an unreasonable
application of Strickland.    28 U.S.C. § 2254(d).

B.    Ground Two-Trial Counsel Ineffective for Failing to
      Exclude Drug Evidence.

Petitioner asserts here that his trial counsel was
ineffective for failing to move to suppress the results of a
urinalysis test showing a positive result for methamphetamine and
marijuana metabolites.    (Tr. 272, 277.)    As discussed above,
following the accident, petitioner consented to blood and urine
testing and was escorted to a hospital by a state trooper to have
his blood drawn and provide a urine sample.    Petitioner's blood
sample was negative for drugs and alcohol; however, the
urinalysis showed a positive result for methamphetamine,
amphetamine and marijuana metabolites.

At trial, the state presented the urinalysis results through
an expert witness.    That witness testified that the results did
show the presence of those drugs in petitioner's system, but

because the results were obtained so long after the accident and because the results had not been quantified, the results could not demonstrate impairment at the time of the accident. (Tr. 549.) The state also presented evidence that in February 1999, petitioner admitted to using marijuana and methamphetamine in the weekend immediately preceding the accident. (Tr. 528-29.) Petitioner's trial counsel did not move to suppress or otherwise exclude the urinalysis test results or petitioner's statements about using drugs the weekend prior to the accident.

Instead, trial counsel presented a witness, Dr. Jacobson, to rebut the state's witness. That witness also testified that there was no way to predict impairment at the time of the accident based on the unquantified results of the urinalysis obtained after the accident. (Tr. 587.)

Petitioner argues in this proceeding that trial counsel's failure to move to exclude the urinalysis results under OEC 403 was constitutionally defective because the prejudicial nature of the evidence so clearly outweighed its probative value. Petitioner argues that his trial counsel's deficient performance is evidenced by the outcome in a similar case, State v. Jayne, 173 Or. App. 533, 24 P.3d 920 (2001). According to petitioner, trial counsel's tactic of calling a contrary expert witness fell below a reasonable level of competence.

Respondent argues that trial counsel did not render
deficient performance because it was not clear that the
urinalysis results would have been excluded under OEC 403 and
trial counsel did not have the benefit of the Jayne decision
issued some two years following petitioner's trial.  Respondent
also contends that petitioner was not prejudiced by the admission
of the urinalysis results.

The PCR trial court made the following findings based on
this claim:

> I'm back to the problem with the alcohol and
> drugs.  Why it bothers me so much is because
> we're talking about reckless behavior here,
> and everybody knows that speed alone is not
> reckless behavior, but you have to have
> something along with speed.  I assume if you
> have a long load of pipe, that might be
> another factor; a mountain road, that might
> be another factor, these other things, but
> I'm worried about whether or not a motion to
> suppress that urinalysis would have been
> successful, number one, and, number two,
> whether or not that would have affected,
> potentially, the outcome from this jury.
>
> It appears to me that all of the evidence
> relating to the methamphetamine and the pot
> was totally inconclusive insofar as whether
> or not [petitioner] had utilized it in the
> relatively-near future, or near past, excuse
> me.
>
> So the question isn't whether the jury found,
> as a result of the evidence, that he was
> under the influence of that pot, it's whether
> the fact that he had utilized that in the
> past, whether or not that would have been an
> influential factor insofar as the jury was
> concerned.

> In light of the other evidence in the case,
> and I guess I'm going to talk specifically
> about the occurrence of the accident, along
> with the speed that Mr. Stevens gave the
> truck at the time it was entering the curve,
> I do not think that this evidence was a
> contributing factor to the jury's
> determination of guilt.  It may be a close
> question, and, obviously, I could be wrong,
> but my best judgement tells me that it was
> not.
>
> My feeling is the jury determined that the
> nature of the load, the speed with which the
> defendant was driving with a goosey load of
> PVC pipe at the time he entered that corner,
> were the factors that the jury relied upon
> insofar as their determination.  (Ex. 135 at
> 42-43.)

An attorney's performance must be evaluated "as of the time of the counsel's conduct," and every effort must be made to eliminate the distorting effects of hindsight.  Strickland, 466 U.S. at 689-90.

Arguably, a lawyer exercising reasonable professional skill and judgment would have moved to exclude the urinalysis results under OEC 403.  Here, the blood test result was negative and the trooper who performed the field sobriety tests testified that the petitioner did not appear to be impaired, so the evidence of impairment was weak.  Comparatively, the evidence of petitioner's methamphetamine use was potentially quite damaging.  An attorney exercising reasonable skill would have made some effort to exclude that evidence by way of a motion or objection.  Trial

counsel's failure to do so was deficient performance under the circumstances.[3]

However, I find that petitioner has failed to prove he was prejudiced by the admission of the urinalysis results in any event. The evidence of petitioner's guilt was overwhelming. In this case, the state presented an eyewitness, Mr. Stevens, who testified that he saw petitioner enter the curve at an excessive rate of speed. Mr. Stevens also testified that petitioner crossed at least three feet into the oncoming lane of traffic when entering the curve. The state's crash reconstruction expert estimated the truck's speed at the point the trailer tipped over at 65 to 72 miles per hour. Even petitioner's own collision dynamics expert testified that petitioner's speed at the point the trailer tipped over was in excess of 69 miles per hour in a curve posted at 45 miles per hour. (Tr. 897-98, 929, 932.) And, petitioner's collision expert also testified that skid marks indicating the onset of the trailer's tip-over were located some

---

[3]This case presents a unique situation in that State v. Jayne gives some indication of how the trial court may have ruled had trial counsel moved to exclude the unquantified urinalysis results under OEC 403. In that case, the Oregon Court of Appeals upheld the trial court's suppression of unquantified urinalysis results on manslaughter charges on the basis that their slight probative value (without quantification, did not establish impairment at the time of the accident) was outweighed by their potential for prejudice under OEC 403. Id. at 544-45. However, I do not conclude that trial counsel was ineffective for failing to be aware of the trial court's decision in Jayne at the time it was issued.

three feet in the oncoming lane.  Lastly, petitioner himself admitted to the police and troopers on the night of the accident that he had been traveling some 60 to 62 miles per hour through the curve, and that he had drifted into the oncoming lane of traffic.

Moreover, the evidence about petitioner's drug use was very weak.  Both the state and petitioner's experts testified that there was no way to judge impairment at the time of the accident based upon the urinalysis results.  Furthermore, the state trooper who performed the field sobriety tests at the accident scene testified at trial that he did not believe that petitioner was impaired at the time of the accident.

Based on the overwhelming evidence of petitioner's guilt compared to the weakness of the drug evidence, petitioner has failed to establish a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.  I cannot conclude based on my review of the record and transcript that counsel's deficient performance in failing to move to suppress that evidence resulted in a trial whose result is unreliable.  Strickland, 466 U.S. at 687, 694.  Accordingly, petitioner has failed to demonstrate prejudice and thus his ineffective assistance of counsel claim fails.

Petitioner also argues that the post-conviction court crafted its own test, instead of applying the Strickland standard

for determining whether there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.  I disagree.

Upon reading the PCR court's ruling, it is clear that the trial court identified and applied the correct standard under Strickland–whether trial counsel's performance fell below an objective standard of reasonableness, and whether there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. (Ex. 135 p. 42-43.) The post conviction court clearly reviewed the evidence in the case and concluded that the drug evidence did not affect the jury's verdict.  Having reviewed the record and the PCR court's findings, I conclude they are not contrary to, nor an unreasonable application of Strickland.  28 U.S.C. § 2254(d).

Perhaps reasonable minds might disagree as to whether trial counsel's performance was deficient or whether petitioner was prejudiced by the admission of the drug evidence.  However, an erroneous decision by a state court alone is not enough to grant habeas relief.  The state court's application of the Strickland test must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 65 (2003); Williams v. Taylor, 529 U.S. at 413 (the state court's application of Strickland must be more than merely incorrect–the court must have "unreasonably applied that principle to the facts of the prisoner's case.")  Given the

weight of the evidence against petitioner in this case, I
conclude the PCR court's application of <u>Strickland</u> was not
objectively unreasonable.

      C.    Ground Eight-Trial Counsel Not Ineffective When Moving
           for Mistrial.

          1.    Claim not traversed.

Respondent moves to deny relief on ground eight on the basis
that the claim is not traversed.  Respondent relies on 28 U.S.C.
§ 2248, which provides that the return of a writ of habeas
corpus, or an answer to an order to show cause, "if not
traversed, shall be accepted as true except to the extent that
the judge finds from the evidence that they are not true."

However, the Advisory Committee Notes to Rule 5 of the Rules
Governing Section 2254 Proceedings, provides that a traverse is
no longer contemplated "except under special circumstances," and
that "the common law assumption of verity of the allegations of a
return until impeached, as codified in 28 U.S.C. § 2248, is no
longer applicable."  Advisory Committee Note to Rule 5, 28. fol.
§ 2254 (1976) (<u>citing</u> <u>Stewart v. Overholser</u>, 186 F.2d 339, 343
n.5 (D.C. Cir. 1950).  Additionally, <u>Doty v. County of Lassen</u>,
37 F.3d 540, 548 (9th Cir. 1994), relied on by respondent for the
proposition that failing to brief an issue waives it, does not
arise in a habeas corpus proceeding or discuss 28 U.S.C. § 2248.
Thus, I decline to find the claim not traversed to be waived or

subject to denial on that basis alone.  Nonetheless, as discussed

below, I find that petitioner has failed to sustain his burden to

prove that federal habeas relief is warranted on ground eight.

See Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004), cert.

dismissed, 545 U.S. 1165 (2005) (petitioner bears the burden of

proving he is entitled to habeas relief).

       2.  Merits.

    In his eighth ground for relief, petitioner asserts that his

trial counsel was ineffective when he failed to move for a

mistrial when Detective Michael Wilkin mentioned in his testimony

that petitioner was interviewed while in jail.  A review of the

record reveals that a motion for mistrial was made, albeit after

the conclusion of the detective's testimony, as opposed to

immediately following the offending statement.  The trial court

denied the mistrial motion, but instead gave a curative

instruction to the jury when the jury returned a short time

later.  Further, trial counsel provided in his PCR affidavit that

the timing of the motion was his strategic decision, so as to not

attract additional attention to the matter.  The PCR court made

the following findings on this matter:

        Insofar as Officer Wilkins' testimony is
        concerned, the fact that he testified that he
        talked to Mr. Cutler while he was in custody
        in Washington is an error; we all acknowledge
        that.  My understanding is that it was taken
        care of by a curative instruction by the
        Court.  There was a motion for mistrial.  I'm

24 - OPINION AND ORDER

> not sure that [trial counsel's] heart was in
> that motion under the circumstances, but
> reading the transcript, the motion was denied
> by the Court, therefore, I find nothing
> improper or inappropriate insofar as [trial
> counsel's] handling of the matters of those
> circumstances.  (Ex. 135 p.39.)

Accordingly, petitioner has failed to demonstrate that the PCR's court's rejection of this claim was contrary to, or an unreasonable application of clearly established federal law.  28 U.S.C. § 2254(d).

## CONCLUSION

Based on the foregoing, petitioner's petition for writ of habeas corpus (# 2) is DENIED, and this proceeding is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this _2__ day of MARCH, 2009.


_/s/  Malcolm F. Marsh_____

Malcolm F. Marsh
United States District Judge